IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDWARDS, *et al.*, | No. C 10-02431 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL AND GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| GENERAL ELECTRIC CO., *et al.*, | |
| Defendants. | |

Currently before the Court is plaintiffs' motion for leave to voluntarily dismiss defendant Silver Springs Network (SSN), as well as motions by defendants General Electric Co. (GE) and Landis+Gyr, Inc. (Landis) to dismiss and by defendant SSN for judgment on the pleadings. The Court held argument on defendants' motions on January 14, 2011, but continued them to February 11, 2011, in order to allow full briefing on plaintiffs' motion to voluntarily dismiss SSN. The Court finds these matters appropriate for resolution without oral argument and pursuant to Civil Local Rule 7-1(b) VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES plaintiffs' motion to voluntarily dismiss defendant SSN and GRANTS defendants' motions to dismiss for lack of jurisdiction.

**BACKGROUND**

Plaintiffs William Edwards and Angela Rollings filed this class action lawsuit seeking relief for allegedly defective "SmartMeters" installed by Pacific Gas & Electric. First Amended Complaint (FAC)

¶ 8, 11-13, 24.[1] Plaintiffs claim that the "SmartMeters" are anything but, and have caused plaintiffs and similarly situated consumers to pay for more electricity than they consumed. *Id.*, ¶ 4.[2] However, instead of suing PG&E, they have sued GE, which is alleged to have manufactured and provided PG&E with SmartMeters for PG&E's SmartMeter program, FAC ¶ 11; Landis, which is alleged to have manufactured and provided PG&E with SmartMeters for PG&E's program, *id.*, ¶ 12; and SSN, which is alleged to have manufactured the hardware and software contained in the SmartMeters. *Id.*, ¶ 13.[3]

Plaintiffs plead three state law causes of action against the defendants: (1) violation of the Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq*. (CLRA);(2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*. (UCL); and for unjust enrichment/money had and received. Plaintiffs assert that this Court has jurisdiction over this matter under 28 U.S.C. §1332, and more specifically under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) (CAFA), as there is diversity among the parties, the amount in controversy exceeds $5,000,000 and the number of class members exceeds 100. FAC ¶ 6; *see also* 28 U.S.C. §1332(d)(2).

On August 27, 2010, defendants GE and Landis moved to dismiss the complaint. Having answered on August 16, 2010, defendant SSN filed a motion for judgment on the pleadings and to strike. All three defendants argue that this Court lacks jurisdiction to hear the case under CAFAs "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), because defendant SSN is a California citizen from whom significant relief is sought and whose conduct forms a significant basis of the claims. In the alternative, the defendants argue that this Court lacks jurisdiction over this case because the subject

---

[1] Plaintiffs do not directly address the fact that PG&E installed the SmartMeters in plaintiffs' homes. They, however, do acknowledge that defendants GE and Landis contracted to furnish the SmartMeters to PG&E for PG&E's "SmartMeter program" (*see, e.g.*, FAC ¶¶ 8, 11, 12) and rely on consumer complaints that acknowledge PG&E installed the meters and that consumers have sought remedies from PG&E for the alleged overcharges. *See, e.g.*, FAC ¶ 24.

[2] Defendants and plaintiffs acknowledge that the PUC undertook an investigation into the accuracy of the SmartMeters. *See* GE Motion at 8; *see also* Oppo. at 7-8.

[3] Plaintiffs admit that there is a class action against PG&E pending in California state court. *See* Oppo. to SSN Motion [Docket No. 41] at 3. SSN and GE ask the Court to take judicial notice of the complaint filed in *Flores v. Pacific Gas & Electric Company, et al.* (Case No. S-1500-CV 268647 WDP, Kern County). The Court GRANTS those requests. *See* Docket Nos. 25-29 [Ex. 20] and Docket No. 28; *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case).

matter is committed to the exclusive jurisdiction of California Public Utilities Commission (PUC). Finally, defendants argue that plaintiffs fail to state CLRA, UCL or unjust enrichment claims as a matter of law.

On December 23, 2010, plaintiffs filed their oppositions to the motions to dismiss and motion for judgment on the pleadings. Plaintiffs contend that CAFA jurisdiction is not an issue here because they filed a state court class action against the California defendant, SSN, and intended to move to dismiss SSN from this case.[4] They also assert that the Court has jurisdiction over and should proceed to adjudicate the claims against GE and Landis, and that plaintiffs adequately state claims against GE and Landis. On December 30, 2010, defendants filed their reply briefs. On the same date, plaintiffs filed a motion to voluntarily dismiss SSN pursuant to Federal Rule of Civil Procedure 41(a)(2), arguing that dismissal of SSN would allow this Court to exercise jurisdiction over GE and Landis.

All of the motions have now been fully briefed. The main dispute between the parties is whether defendant SSN is a necessary and indispensable party under Federal Rule of Civil Procedure 19. Defendants assert that because SSN is a necessary and indispensable party, it should not be dismissed under Rule 41(a), but that instead, the Court should dismiss the whole case against all three defendants under the CAFA "local controversy" exception.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 41(a) where, as here, a defendant has filed an answer, an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper. Rule 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice "means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.*, at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).

Under Rule 19(a), a person is considered a "necessary party" if, in the person's absence,

---

[4] The case against SSN is pending in the Superior Court for San Mateo County.

3

complete relief cannot be accorded among the other parties or the "person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. Proc. 19(a).

If a person is found to be "necessary" under Rule 19(a), and the necessary party cannot be joined without depriving the Court of subject matter jurisdiction, the Court then considers whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed," because the absent party is "indispensable." Rule 19(b); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004). In determining whether a party is indispensable, the court considers, "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Disabled Rights Action Comm.*, 375 F.3d at 878-79.

### DISCUSSION

**I.      Plaintiffs' Motion to Voluntarily Dismiss SSN**

The Court must first consider, under Rule 41(a), whether dismissal of SSN would result in legal prejudice. All three defendants argue that SSN's dismissal would cause them legal prejudice because SSN is a "necessary and indispensable" party under Rule 19. Defendants argue that SSN's status as a necessary and indispensable party is demonstrated by plaintiffs' own allegations establishing that: (1) the SmartMeters are allegedly defective because the firmware does not transmit the correct "usage" data to PG&E, FAC, ¶ 3; (2) defendants GE and Landis manufacture the SmartMeters, *id.*, ¶¶ 11-12; but (3) SSN "manufactures the hardware and software contained in the Smart Meters that generates and transmits" the usage data, *id.*, ¶ 13; and (4) SSN was selected by PG&E – not GE or Landis – to provide the "advanced networking technology" for PG&E's SmartMeter program that is allegedly defective.

4

*Id.*

The Court finds based upon plaintiffs' own allegations, that SSN is a necessary party. As an initial matter, the Court notes that it is questionable whether, without SSN, the Court could provide adequate relief to plaintiffs. While plaintiffs seek damages and restitution from all three defendants, and as alleged joint tortfeasors all three would be jointly and severally liable for any damages at least, the Court has serious concerns as to whether plaintiffs' damages and restitution claims are meritorious.[5] Injunctive relief, therefore, may be the only form of relief available to plaintiffs. *See, e.g.*, FAC at 23. However, the injunctive relief sought – "an injunction preventing Defendants from manufacturing the SmartMeters until Defendants remed[y] the defect," Oppo. at 23, fn. 17 – would be problematic without SSN, as plaintiffs have alleged that the defect in the SmartMeters is caused by SSN's hardware and software.

More importantly, however, the Court finds that litigating this case without SSN would impair SSN's legally cognizable interests and SSN's participation is necessary to protect GE and Landis from incurring inconsistent obligations. SSN's selection by PG&E to provide the networking technology used to transmit the usage data, *see* FAC ¶ 13, would likely be impaired by the injunction sought by plaintiffs in this case, *e.g.*, to prevent Defendants from manufacturing SmartMeters until the defect allegedly caused by SSN's hardware and software is remedied. The Court is likewise concerned about GE and Landis' ability to litigate the case in this Court without the presence of SSN as a party. As defendants point out, the majority of the allegations in the complaint refer to all three defendants as being responsible for the defect and for hiding that defect from class members. *See, e.g.*, FAC ¶ 33 ("Defendants have refused to acknowledge the defect in the SmartMeters and similarly refused to reimburse Class members for their out-of-pocket damages."); ¶ 49 ("Defendants had exclusive knowledge of an undisclosed fact; i.e., that the SmartMeters are defective."). The only specific allegations about GE and Landis, however, are that they manufactured the SmartMeters. They are not alleged to have manufactured the defective firmware, nor are they alleged to have selected SSN to

---

[5] *See, e.g.*, GE's Motion to Dismiss at 16-17 (arguing that plaintiffs' fail to allege a CLRA claim as a matter of law for failure to allege a consumer transaction) and at 18-19 (arguing that plaintiffs' fail to state a UCL claim as a matter of law because they are not entitled to restitution from these defendants).

5

provide the firmware. In these circumstances, GE and Landis would likely be prejudiced and likely subject to inconsistent obligations if the Court allowed SSN to be dismissed but retained jurisdiction over the identical legal claims against GE and Landis.

As the Court has found that SSN, GE and Landis would suffer prejudice to their legally protected interests in determining that SSN is a "necessary" party under Rule 19(a), that is a sufficient basis as to which to deny plaintiffs' motion for voluntary dismissal under Rule 41(a)(2).[6] As such, plaintiffs' motion to voluntarily dismiss SSN from this case is DENIED.

## II. Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings Based on the Lack of Subject Matter Jurisdiction

All three defendants contend that this Court lacks jurisdiction over this action under CAFA's "local controversy" exception, 28 U.S.C. section 1332(d)(4)(A), because SSN is a California defendant from whom significant relief is sought and whose conduct forms a significant basis for the claims. Where the local controversy applies, a court "shall" decline jurisdiction under CAFA. Plaintiffs do not dispute that SSN is a California citizen or dispute that they seek significant relief from SSN or that SSN's conduct forms a significant basis for the claims. Instead, plaintiffs rely on their motion to voluntarily dismiss SSN which, if granted, would have left defendants GE and Landis, whom the Court has jurisdiction over under CAFA and 28 U.S.C. § 1332.

However, as the Court has denied plaintiffs' motion to voluntarily dismiss SSN, the Court holds that due to CAFA's local controversy exception, it lacks jurisdiction and must dismiss this action.[7] Plaintiffs have already filed an action against SSN in San Mateo County Superior Court, and this "local controversy" can presumably be fully litigated there should plaintiffs choose to do so.

---

[6] The Court, therefore, need not determine whether SSN is an "indispensable" party under Rule 19(b), but notes that in this case plaintiffs have an adequate remedy, which is to seek relief against GE and Landis in San Mateo County where its action against SSN is pending.

[7] As the Court does not reach any of the additional grounds asserted in defendants' motions (*e.g.,* exclusive jurisdiction of the PUC over this matter, failure to state a claim), the Court DENIES GE's Request for Judicial Notice [Docket No. 25-2, Docket No. 45] and plaintiffs' objection thereto [Docket No. 50] as moot.

6

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to voluntarily dismiss SSN is DENIED. Defendants' motions to dismiss and for judgment on the pleadings for lack of jurisdiction is GRANTED.

**IT IS SO ORDERED.**

Dated: February 7, 2010

SUSAN ILLSTON
United States District Judge